UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ETHAN J. FOERST,  §<br>　　　　Plaintiff　　§<br>　　　　　　　　　　§<br>**v.**　　　　　　　§<br>　　　　　　　　　　§<br>EAN HOLDINGS, LLC d/b/a　§<br>ENTERPRISE HOLDINGS,　§<br>f/d/b/a ENTERPRISE　　§<br>HOLDINGS, INC.,　　　§<br>and EAN SERVICES, LLC,　§<br>　　　　Defendants.　§ | CIVIL ACTION NO. _____<br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

NOW COMES, ETHAN J. FOERST, Plaintiff herein, by and through his attorney of record, and hereby complains of EAN HOLDINGS, LLC, doing business as ENTERPRISE HOLDINGS, formerly doing business as ENTERPRISE HOLDINGS, INC., and EAN SERVICES, LLC, Defendants herein, as follows:

1. This is an action to redress Defendants' discrimination against Plaintiff because of his disability (congenital heart disease), in violation of Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. Section 12101, et seq. (hereinafter "ADA"). Plaintiff Ethan J. Foerst was discharged by Defendants on or

about June 11, 2010, because it refused to provide reasonable accommodations for Mr. Foerst.  Plaintiff seeks compensatory and other damages as allowed by law.

## JURISDICTION

1.  Jurisdiction is conferred on this Court by 28 U.S.C. Section 1331 and 42 U.S.C. Sections 2000e-5(f)(1) and 12117.

2.  All conditions precedent to the filing of this action have been met by Plaintiff in that he has filed a timely complaint with the Equal Employment Opportunity Commission and has filed this action within 90 days of receiving a right-to-sue letter from the Commission.

## PARTIES

3.  Plaintiff, Ethan J. Foerst, is an individual with a disability (congenital heart disease) and resides in Humble, Texas.  He was employed by Defendants in Gainesville, Florida until on or about June 11, 2010.

4.  Defendants own and operate automobile rental stores in Houston, Harris County, Texas and in all fifty states of the United States under the name "Enterprise Rent-A-Car."  Defendants have several thousand employees. Defendants' primary place of business in Houston, Harris County, Texas is 10401 Centrepark Drive, Suite 100, Houston, Texas 77043.  Defendants' registered agent for service of process is CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

## **FACTS**

5.  Mr. Foerst became an employee of Defendants on February 24, 2005. On December 1, 2009, Defendants allowed Mr. Foerst to take short-term disability leave for his disability, congenital heart disease, while he remained an employee of Defendants.

6.  On March 1, 2010, Defendants allowed Mr. Foerst to take long-term disability leave for his disability while he remained their employee.

7.  Defendants accommodated Mr. Foerst under the ADA when it acquiesced in his disability leaves.  However, Defendants did not allow Mr. Foerst to return to his position with them.  Instead, Defendants terminated his employment on June 11, 2010 while he was on disability leave, simply claiming that they could not keep his position open.

8.  Defendants did not comply with the ADA when they terminated Mr. Foerst's employment.  Among other omissions, Defendants failed to:

   (a)  show that holding open Mr. Foerst's position would impose an undue hardship on them; and

   (b)  consider whether Defendants had a vacant, equivalent position for which Mr. Foerst was qualified and to which he could have been reassigned to continue his leave for a specific period of time and then, at the conclusion of the leave, assume the new position.

9.  By failing to act as set forth above, and then terminating Mr. Foerst's employment while he was on disability leave, Defendants violated the ADA.  Mr.

Foerst suffered discrimination from Defendants because of his disability and thereby was subjected to different terms, conditions, and privileges of employment because of his disability, thereby violating the ADA.

10. On September 28, 2010, Mr. Foerst filed a Charge of Discrimiantion against Defendants Enterprise Holding, Inc. and EAN Services LLC, Charge No. 460-2010-04303, complaining of the foregoing misconduct by Defendants. On August 22, 2012, a Determination was issued by the Commission was issued by the Commission against Defendants in Mr. Foerst's case, stating:

> "Investigation showed that Respondent [Defendants] did not engage in an interactive process with Charging Party [Mr. Foerst], prior to making the decision of terminating Charging Party. Evidence further showed that Charging Party satisfied his responsibilities by keeping Respondent abreast pertaining to his medical status. There was no evidence to support that approving Charging Party's request for an extended leave of absence would pose an undue hardship on Respondent.
>
> "In conclusion, there is sufficient evidence to establish that Charging Party was terminated due to his disability, in violation of the Americans with Disabilities Act, Amendments Act of 2008."

A true and correct copy of the Commission's August 22, 2012, Determination against Defendants in Mr. Foerst's case is attached hereto as Exhibit 1.

11. On March 28, 2013, the Commisson issued a Notice Of Right To Sue to Mr. Foerst. This lawsuit is commenced pursuant to such Notice Of Right To Sue.

# CLAIMS

12. Defendants' refusal to provide or allow reasonable accommodation to Mr. Foerst's disability such that he could continue to fulfill the essential functions of his job, and their discharge of him because of his disability, constitutes discrimination in violation of the ADA.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Declare that Plaintiff has suffered acts of discrimination at the hands of Defendants based on his disability.

2. Award Plaintiff compensation for loss of salary and other benefits, including all fringe benefits to which he would have been entitled had his employment with Defendants not been terminated. Such damages shall be in an amount in excess of $10,000, the exact amount to be determined at trial.

3. Grant Plaintiff pre-judgment and post-judgment interest on all damages awarded, to the maximum extent allowed by law.

4. Grant Plaintiff his reasonable costs and attorney's fees.

5. Grant such other and further relief which the Court deems necessary and proper.

## JURY DEMAND

Mr. Foerst hereby requests a jury trial on all questions of fact raised by his Complaint.

Dated: June 22, 2013.  Respectfully submitted,

_/s/ Mark T. Womack_

Mark T. Womack
Texas Bar No. 21876900
Federal ID No. 3159
Two Allen Center
1200 Smith Street, Suite 1600
Houston, Texas 77002
713-238-6740
Telecopy 713-524-6490

Attorney for Ethan J. Foerst



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Houston District Office**

1201 Louisiana St., Ste. 600
Houston, TX  77002-8049
Houston Direct Dial:  (713) 651-4965
TTY (713) 651-4961
FAX (713) 651-4962

460-2010-04303                                                Charge Number

Mr. Ethan J. Foerst                                           Charging Party
8707 Silver Lure Dr.
Humble, TX  77346

Enterprise Holdings, Inc.                                     Respondent
10401 Centrepark Dr., Ste. 100
Houston, TX  77043

## DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the above cited charge. All requirements for coverage have been met. Respondent is an employer as described in the Americans with Disabilities Act, Amendments Act of 2008 (ADAAA).

In 2005, Charging Party was hired by Respondent as a Manager-in-Training. Charging Party was later promoted to an Assistant Manager and last worked in Gainsville, Florida, as a Damage Recovery Specialist. In December 2009, Charging Party requested and was approved to take a medical leave of absence due to his disability. Charging Party returned to Houston for medical treatment. While Charging Party was on leave, he kept his company informed of his medical status, and he was assured that his job would not be in jeopardy. On June 17, 2011, shortly after his surgery, Charging Party received his termination notice.

Respondent denied all charges of discrimination. The company explained that Charging Party was terminated because he failed to provide a return date. Respondent argued that it could not keep Charging Party's position open indefinitely.

Investigation showed that Respondent did not engage in an interactive process with Charging Party, prior to making the decision of terminating Charging Party. Evidence further showed that Charging Party satisfied his responsibilities by keeping Respondent abreast pertaining to his medical status. There was no evidence to support that approving Charging Party's request for an extended leave of absence would pose an undue hardship on Respondent.

In conclusion, there is sufficient evidence to establish that Charging Party was terminated due to his disability, in violation of the Americans with Disabilities Act, Amendments Act of 2008.

Upon finding that there is reason to believe that a violation has occurred, the Commission will attempt to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join in reaching a just resolution of this



EXHIBIT 1

matter. A representative of this office will be in contact with each party in the near future to begin the conciliation process. The confidentiality provision of the Americans with Disabilities Act, Amendments Act of 2008, and Commission Regulations apply to information obtained during conciliation.

If Respondent declines to discuss settlement or when for any other reason a settlement acceptable to the District Director is not obtained, the District Director will inform the parties and advise them of the court enforcement alternatives available to the aggrieved parties. A Commission Representative will contact each of the parties to begin conciliation.

On Behalf of the Commission:

8/22/2012
Date

R.J. Ruff, Jr.
District Director

cc:   Mr. Mark T. Womack
      Attorney at Law
      The Law Office of Mark T. Womack
      1200 Smith St., Ste. 1600
      Houston, TX 77002

      Mr. Errin R. Braddock
      Employment Counsel
      Enterprise Holdings
      600 Corporate Park Drive
      St. Louis, MO 63105